UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDEE D. GILBERT-LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | 1: 00-CV-5445 AWI DLB P<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION<br><br>(DOC 137) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On December 22, 2005, defendants filed a motion for summary judgment. On September 1, 2006, the Court adopted the Magistrate Judge's recommendation to grant the motion for summary judgment as to all defendants except defendant Hall and Williams. The Court referred the action to the Magistrate Judge for further proceedings on the claims against defendants Hall and Williams.

On September 18, 2006, defendants filed a motion for reconsideration of the District Court's Order. Defendants point out that defendant Williams was never served. While defendant Hall was served, he apparently never requested representation by the Attorney General and no appearance was made on Hall's behalf. Defendants request that Hall be deemed by the Court a moving party in the motion for summary judgment or in the alternative, that he be given permission to file a separate motion for summary judgment.

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*,

722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  This Court's Local Rule 78-230(k) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Defendants have not presented sufficient grounds for the Court to reconsider its order of September 1, 2006.  While it is correct that defendant Williams has not yet been served and defendant Hall has not made an appearance, these facts were known to the Court at the time it issued its order adopting the Magistrate Judge's recommendation.  This action has been referred to the Magistrate Judge for further proceedings regarding these defendants.  The Magistrate Judge will consider the circumstances of the two (2) remaining defendants in issuing orders regarding further proceedings in this case.  The status of the remaining defendants does not warrant reconsideration of the Court's order.  However, because it appears that defendant Hall was inadvertently omitted from the motion for summary judgment, his request to file a separate motion for summary judgment will be granted.

Defendants' motion for reconsideration is therefore DENIED.  Defendant Hall's motion to file a separate motion for summary judgment is GRANTED.  The Magistrate Judge is directed to issue the appropriate orders regarding the status of service of defendant Williams.

IT IS SO ORDERED.

**Dated:   September 25, 2007**          /s/ Anthony W. Ishii
                                  UNITED STATES DISTRICT JUDGE